IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA
CIVIL DIVISION

GHASEM ATASHKHANEH,

    **Plaintiff,**

v.                                      Case No.:

SAM'S EAST, INC.

    **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GHASEM ATASHKHANEH (hereinafter "Mr. Atashkhaneh" or "Plaintiff"), files this Complaint under the Florida Civil Rights Act against Defendant, SAM'S EAST, INC. (Hereinafter "Sam's Club" or "Defendant"), and states:

### JURISDICTION AND VENUE

1. This is an action for damages which exceed fifteen thousand dollars ($15,000).

2. This is a civil action by Plaintiff against his former employer for monetary damages, declaratory relief and other equitable relief pursuant to the Florida Civil Rights Act ("FCRA") §760.01, *et al* and the Workers' Compensation Law §440.205, Florida Statutes.

3. Venue is appropriate in Pasco County under § 47.011, Florida Statutes, because the events giving rise to the cause of action occurred in Pasco County.

### THE PARTIES

4. Plaintiff is a fifty-four your old Iranian male that resides in the State of Florida.

5. Plaintiff is a protected employee under the FCRA based on race, national origin and age.

6. Defendant is a corporation with its principal Corporate Headquarters located at 708

SW 8th Street, Bentonville, Arkansas 72716.

7. Plaintiff has satisfied all conditions precedent to filing this action. Plaintiff filed a claim with the FCHR on December 2, 2016. More than 180 days have passed without the FCHR issuing a determination on the charge.

## STATEMENT OF FACTS

8. On March 17, 2005, Sam's Club hired Mr. Atashkhaneh as an overnight merchandiser.

9. In 2009, Sam's Club promoted Mr. Atashkhaneh to a Bakery Team Lead position.

10. In 2010, Mr. Atashkhaneh transferred to the Grocery Team Lead position.

11. In early 2014, Sam's Club eliminated six team lead positions, including the one Mr. Atashkhaneh held, and created three supervisor positions.

12. Sam's club allowed the team leaders that held eliminated positions to apply for the new supervisor positions.

13. Mr. Atashkhaneh applied for the new supervisor role but was denied the position and demoted back to his original position of Overnight Merchandiser.

14. Following his demotion, Mr. Atashkhaneh reached out to his General Manager, Alan Cole and the Asset Protection Manager, Jonathan Crabtree, to discuss the selection of three younger white former team leads over him for the Position.

15. Mr. Cole and Mr. Crabtree let Mr. Atashkhaneh know that he would be better off taking an offered severance package and retiring.

16. Following Mr. Crabtree and Mr. Cole's suggestion to retire, Mr. Atashkhaneh contacted Gladys Lopez, in Sam's Club's Human Resources department to discuss his non-selection and their suggestion that he retire.

17. Ms. Lopez performed an investigation and found that Mr. Atashkhaneh's concerns

were legitimate but determined that neither Mr. Crabtree nor Mr. Cole had any bad intentions. Ms. Lopez encouraged Mr. Atashkhaneh to continue to apply for supervisor and management positions.

18. As instructed, Mr. Atashkhaneh began applying for Manager in Training ("MIT") positions.

19. A few months after Mr. Atashkhaneh's demotion, an Overnight Team Lead position became available. Lisa Jackson and Johanna Loop were the hiring managers for the Overnight Team Lead position.

20. Ms. Jackson and Ms. Loop selected Bryan Gomes and two other part-time associates as the candidates for the position; Mr. Atashkhaneh was excluded from the process.

21. Mr. Atashkhaneh asked his direct supervisor, Christopher Devanzo, why he was not selected as a candidate. Mr. Devanzo said that it was not his decision to make and told Mr. Atashkhaneh to speak to Mr. Cole about applying for the position.

22. Mr. Atashkhaneh then asked Mr. Cole to consider him for the position, and Mr. Cole allowed Mr. Atashkhaneh to be a fourth candidate.

23. Mr. Atashkhaneh was promoted back to Overnight Team Lead.

24. On January 17, 2015, Sam's Club assigned Mr. Atashkhaneh candidate reference number 825204. Sam's Club used this number to track all of Mr. Atashkhaneh's applications for promotion. Mr. Atashkhaneh continued to apply for every new lead, MIT and management position that were posted but was never selected for an interview.

25. In November 2015, Mr. Atashkhaneh used Sam's Club's Open-Door Policy to express his concern about the process of promotion for Supervisor and MIT positions and emailed Jumana Kader (Merchandise and Operations Manager) LaShawn Gilmore (Human Resource Manager) and Eddie Rejcek (Market Manager) to express his concerns regarding the discrimination he was facing regarding his attempts to advance his employment with Sam's Club.

26. Ms. Kadar replied and let Mr. Atashkhaneh know that she passed his information along to Mr. Cole and assured him that he would be interviewed for available positions.

27. In January 2016, Mr. Atashkhaneh finally received an interview for an MIT position in Sam's Club's Wesley Chapel store.

28. Two Sam's Club managers, Chris Baxter and Joe Angus, performed Mr. Atashkhaneh's interview over the phone.

29. Once again, Sam's Club denied Mr. Atashkhaneh this promotion.

30. Following this non-selection, Mr. Atashkhaneh filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) dated January 27, 2016 in which he alleged that he was not selected for promotions that were given to less experienced younger-non-Iranians in violation of both the Age Discrimination in Employment Act of 1967, as amended (ADEA) and Title VII of the Civil Rights Act of 1964, as amended .

31. Following Mr. Atashkhaneh's EEOC charge, he continued to apply for various lead positions, MIT positions and management positions. However, Mr. Atashkhaneh was never selected for any new positions.

32. On December 2, 2016, Mr. Atashkhaneh filed another Charge of Discrimination with the EEOC alleging retaliation. Specifically, Mr. Atashkhaneh's Charge alleged that he was subjected to lowered performance evaluations and continued to be denied promotions.

33. On October 25, 2017, Jumana Kader performed a baseless written coaching in which she stated that Mr. Atashkhaneh displayed unprofessional behavior and threatened him with termination if the behavior continued.

34. Mr. Atashkhaneh disputed this write up with Mr. Cole. Mr. Cole told Mr. Atashkhaneh that he spoke to other associates and found the coaching to be valid. Mr. Atashkhaneh let Mr. Cole know that he disagreed and pled his case that he never acted in an

unprofessional manner.

35. After talking to Mr. Cole, Mr. Atashkhaneh appealed the write up to Sam's Club Associate Relations manager, Alejandro Figueroa Munoz. Mr. Munoz performed an investigation and determined that Mr. Atashkhaneh was not at fault and disposed of the coaching.

36. On December 1, 2017, Mr. Atashkhaneh was injured during his shift. APM Sean Youdelman completed an incident report and told Mr. Atashkhaneh that he could see a doctor that day or wait to see how he felt.

37. Mr. Atashkhaneh missed work on December 2, 2017, because of his work-related injury.

38. On December 3, 2017, Mr. Atashkhaneh asked Mr. Youdelman what doctor he was supposed to see regarding his injury.

39. Mr. Youdelman provided Mr. Atashkhaneh with the workman's compensation information. Unfortunately, it was outdated, and Mr. Atashkhaneh was sent to the incorrect Worker's Compensation Doctor.

40. This mistake was cured, and Mr. Atashkhaneh was able to see the appropriate doctor on December 4, 2017.

41. Mr. Atashkhaneh saw the doctor a total of 5 times before being referred to a specialist on December 13, 2017. Mr. Atashkhaneh saw the specialist on January 9, 2018.

42. On January 19, 2018, Mr. Youdelman informed Mr. Atashkhaneh that he was getting an attendance violation for missing work due to his doctor's visits.

43. Mr. Atashkhaneh disputed this violation as the visits were the result of a worker's compensation claim. However, On January 25, 2018. Mr. Youdelman informed Mr. Atashkhaneh that Mr. Cole supported his decision to enforce the attendance violation.

44. Again, Mr. Atashkhaneh appealed the write up to Sam's Club Associate Relations

manager, Alejandro Figueroa Munoz. Mr. Munoz performed an investigation and determined that Mr. Atashkhaneh was not at fault and disposed of the coaching.

45. On August 04, 2018, Mr. Davanzo performed yet another baseless written coaching in which he stated that Mr. Atashkhaneh failed to do his required audits. In this coaching statement Mr. Davanzo again threatened to terminate Mr. Atashkhaneh's employment.

46. Again, Mr. Atashkhaneh asked to speak to Mr. Cole, and again Mr. Cole stated that there was nothing he could do because the write-up was valid.

47. Mr. Atashkhaneh then appealed the write-up to Sam's Club Associate Relations manager, Alejandro Figueroa Munoz. Mr. Munoz performed an investigation and determined that Mr. Atashkhaneh was not at fault and disposed of the coaching.

48. Sam's Club and Alan Cole's decision to deny the promotion to Mr. Atashkhaneh was an adverse Employment Action taken because he a fifty-four your old Iranian male.

49. Plaintiff has been damaged as a result of Defendant's violation of the FCRA.

50. As a result of Defendant's discrimination, Plaintiff has suffered lost wages and benefits, emotional distress, humiliation, mental anxiety, loss of the enjoyment of life and loss of dignity.

51. Plaintiff has incurred attorney fees and costs as a result of pursuing his claim against Defendant.

**COUNT I**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT**
**FOR DISCRIMINATION ON THE BASIS OF RACE OR NATIONAL ORIGIN**

52. Plaintiff re-alleges and re-adopts paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's race or National Origin.

54. Plaintiff is a fifty-four your old Iranian male.

55. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on his race and National Origin.

56. Plaintiff has satisfied all procedural and administrative requirements set forth in the Florida Civil Rights Act, Section 760.01, *et seq.*, Florida Statutes.

57. Defendant failed to promote Plaintiff because of his race and/or National Origin.

58. Defendant is liable for the discrimination alleged herein. These actions all adversely affected the terms and conditions of Plaintiff's employment in violation of the FCRA.

59. As a direct and proximate result of Defendant's acts, Plaintiff has suffered loss of employment compensation, privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court as provided in the Florida Civil Rights Act of 1992, and prays for a judgment:

(a) An injunction restraining continued violation of the FCRA;

(b) Compensation for lost wages, benefits, and other remuneration;

(c) Front pay;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Prejudgment interest on all monetary recovery obtained;

(g) All costs and attorney's fees incurred in prosecuting these claims; and

(h) For such further relief as the Court deems just and equitable.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT FOR DISCRIMINATION ON THE BASIS OF AGE

60. Plaintiff re-alleges and re-adopts paragraphs 1 through 51 of this Complaint as if fully set forth herein.

61. The FCRA makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on age, as applicable to this action.

62. Defendant is liable for the discrimination alleged herein; these actions all adversely affected the terms and conditions of Plaintiff's employment in violation of the FCRA.

63. Sam's Club, by and through its employees, treated Mr. Atashkhaneh less favorably than his younger peers.

64. Sam's Club unlawfully discriminated against Mr. Atashkhaneh when it failed to promote him because of his age.

65. Because of Sam's Club's discrimination and unlawful termination of Mr. Atashkhaneh, he has suffered loss of income and will continue to suffer lost income in the future.

66. Defendant's agents acted with intent, malice and reckless disregard for Plaintiff's protected rights.

67. The actions and inactions of Defendant and its agents constitute unlawful age discrimination.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court as provided in the Florida Civil Rights Act of 1992, and prays for a judgment:

(a) An injunction restraining continued violation of the FCRA;

(b) Compensation for lost wages, benefits, and other remuneration;

(c) Front pay;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Prejudgment interest on all monetary recovery obtained;

(g) All costs and attorney's fees incurred in prosecuting these claims; and

(h) For such further relief as the Court deems just and equitable.

**COUNT III**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT FOR RETALIATION**
**FOR REPORTING UNLAWFUL DISCRIMINATION**

68. Plaintiff re-alleges and re-adopts paragraphs 1 through 51 of this Complaint as if fully set forth herein.

69. This is an action against Defendant alleging retaliation for engaging in a protected activity in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 et seq. ("FCRA").

70. The FCRA makes it unlawful to retaliate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in a protected activity.

71. Plaintiff is a member of a protected class by his engagement in a protected activity and is protected by the FCRA from retaliation.

72. Plaintiff has satisfied all procedural and administrative requirements set forth in the Florida Civil Rights Act, Section 760.01, et seq., Florida Statutes.

73. Defendant's harassment and failure to promote Plaintiff was based on his engagement in a protected activity.

74. Defendant is liable for the retaliation Plaintiff suffered because he filed Charge of

Discrimination Number 511-2016-00722 with the EEOC alleging that he was not selected for promotions that were given to less experienced younger-non-Iranians in violation of both the Age Discrimination in Employment Act of 1967, as amended (ADEA) and Title VII of the Civil Rights Act of 1964, as amended.

75. In retaliation for Plaintiff's action of reporting discrimination, Defendant continued to deny Plaintiff promotions and began harassing Plaintiff with unenforceable corrective notices.

76. The retaliation complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

77. The unlawful employment practices complained of above were intentional and done with the express purpose of denying Plaintiff career advancement.

78. As a direct, natural, proximate and foreseeable result of Defendant's acts, Plaintiff has suffered loss of employment, loss of front pay, loss of back pay, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, expense, embarrassment, and damage to his professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's conduct described herein.

79. Plaintiff is entitled to legal and injunctive relief as a result of Defendant's actions.

**WHEREFORE**, Plaintiff respectfully invokes the remedial powers of this Court as provided in the Florida Civil Rights Act of 1992, and prays for a judgment:

(a) An injunction restraining continued violation of the FCRA;

(b) Compensation for lost wages, benefits, and other remuneration;

(c) Front pay;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Prejudgment interest on all monetary recovery obtained;

(g) All costs and attorney's fees incurred in prosecuting these claims; and

(h) For such further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 12th day of March 2019.

        Respectfully Submitted,

        */s/ Jason W. Imler, Esq*
        Jason W. Imler
        Florida Bar No. 1004422
        Gary L. Printy, Jr
        Florida Bar No. 41956
        PRINTY & PRINTY, P.A.
        3411 W. Fletcher Ave., Suite A
        Tampa, Florida 33618
        Telephone (813) 434-0649
        FAX (813) 423-6543
        garyjr@printylawfirm.com
        jason.imler@printylawfirm.com
        e-service@printylawfirm.com